## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

IN RE:

| | |
|---|---|
| HARRIS CLAIBORNE FRAZIER | CASE NO. 08-03051-EE |
| DEBTOR | CHAPTER 7 |
| KAY ATWOOD VANSKIVER | PLAINTIFF |
| v. | ADVERSARY NO. _____ |
| HARRIS CLAIBORNE FRAZIER | DEFENDANT |

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT
OR IN THE ALTERNATIVE, TO THE DISCHARGE OF DEBTOR**

COMES NOW, Kay Atwood Vanskiver, ("Atwood"), by and through counsel, and files her Complaint Objecting to Dischargeability of Debt or in the alternative, to the Discharge of Debtor as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§157(b) and 1334, 11 U.S.C. §§523 and 727. The case subjudice is a core proceeding pursuant to 11 U.S.C. §157(b). Venue is proper in this Court in accordance with 28 U.S.C. §§1408 and 1409.

### THE PARTIES

2. Kay Atwood Vanskiver ("Vanskiver") is an adult resident of Madison County, Mississippi and a creditor in the above styled and numbered bankruptcy proceeding.

3. Defendant Harris Claiborne Frazier ("Frazier") is an adult resident of Rankin County, Mississippi, who may be served with process at his residence address, 79 Grandview Circle, Brandon, Mississippi 39047. Frazier is also the debtor in the above styled and numbered bankruptcy proceeding.

4. Derek A. Henderson is the Chapter 7 Trustee ("Trustee").

### THE FACTS

5. Frazier filed a voluntary petition under Chapter 7 of the Bankruptcy Code herein on October

8, 2008.

6. On or about September 15, 2006, Vanskiver loaned Seventy-Five Thousand and 00/100 Dollars ($75,000.00) to Frazier as evidenced by Promissory Note dated September 15, 2006, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by reference for all purposes (the "Note"). In accordance with the terms of said Note Frazier promised to pay Vanskiver the principal sum of $75,000.00 plus a premium of $10,000.00 for a total of Eighty-Five Thousand and 00/100 Dollars ($85,000.00) plus interest at the rate of eight percent (8%) per annum from September 15, 2006 until paid and all costs of collection including attorney fees in an amount equal to twenty percent (20%) of the total amount due.

7. Vanskiver made referenced loan to Frazier in reliance upon Frazier's representation that all sums due under the Note would be paid upon his sale of any of three properties owned by Frazier, to wit: a. Duck and Rice Farms, LLC; b. Ergon/Frazier Development I, LLC; and c. Madison Fish House, LLC.

8. Vanskiver reasonably relied on Frazier's representations and promises to her detriment. Frazier knew or reasonably should have known that his representations would be relied upon by Vanskiver. Frazier's representations were tantamount to an assignment of his interest in the above referenced projects to the extent of his indebtedness owing to Vanskiver.

9. Frazier owed Vanskiver a fiduciary duty to insure Vanskiver was fully repaid out of the proceeds of the sale of the referenced projects.

10. On or about October 31, 2006 Frazier sold his interest in Duck and Rice Farms, LLC for which he received the total sum of Two Hundred Nine Thousand Two Hundred Seventeen and 25/100 Dollars ($209,217.25). Notwithstanding his express representations and promises and knowing that Vanskiver relied on his representations and promises in making reference loan to him Frazier failed and otherwise deliberately refused to pay Vanskiver the sums owed under the Note out of the Duck and Rice Farms, LLC proceeds.

11. Frazier willfully and wantonly breached his fiduciary duty to Vanskiver and grossly violated his trust and confidence he requested from Vanskiver in enticing her to loan him money. Frazier's conduct in the premises exhibits bad faith, intentional and reckless disregard to the rights of Vanskiver and fraud.

12. Instead of honoring his representations and promises to Vanskiver Frazier spent the Duck and Rice Farms, LLC proceeds on himself and/or for the benefit of companies in which he had an interest.

13. Austin W. Frazier and C. E. Frazier, Jr. also signed the Note and are jointly and severally liable to Vanskiver for the payment of the sums due under the Note.

## COUNT I

14. In order to avoid needless prolixity Vanskiver incorporates herein by reference paragraphs 1 through 13 above.

15. Notwithstanding repeated demands Frazier has failed and otherwise refused to pay Vanskiver any amount due under the Note.

16. In view of Frazier's wilful and wanton breach of his representations and promises, breach of his fiduciary duty and commission of fraud indicated above Frazier should not be granted a discharge of the sums he owes to Vanskiver in accordance with 11 U.S.C §523(a)(2)(A), (4).

## COUNT II

17. In order to avoid needless prolixity Vanskiver incorporates herein by reference paragraphs 1 through 16 above.

18. Fraizer failed to disclose all of his assets in the petitions and schedules filed in the above styled and numbered bankruptcy proceeding.

19. Frazier should be denied discharge of the indebtedness he owes to Vanskiver in accordance with 11 U.S.C. §727(a)(2)(B).

20. Frazier should be denied discharge of the indebtedness he owes to Vanskiver because he has failed to keep or preserve books, records from which his business transactions can be ascertained, and has

unsatisfactorily explained the loss of books and records.

WHEREFORE, premises considered, Plaintiff Kay Atwood Vanskiver prays for an order denying the dischargeability of Defendant Harris Claiborne Frazier of his indebtedness owing to Vanskiver in the sum of Eighty-Five Thousand and 00/100 Dollars ($85,000.00) plus interest at the rate of eight percent (8%) per annum from and after September 15, 2005 until paid, and all costs incurred herein, including reasonable attorney fees in the sum of at least twenty percent (20%) of the total indebtedness. Alternatively, Plaintiff prays for an order denying the discharge of Defendant Harris Claiborne Frazier. Plaintiff further prays for such further and more general relief as the Court deems appropriate in the premises.

    Respectfully Submitted,

    KAY ATWOOD VANSKIVER

    By:/s/ James L. Martin
        JAMES L. MARTIN, Her Attorney

James L. Martin
P.O. Box 2703
Madison, MS 39130
601-991-3301
601-991-32302 - facsimile
jmartin@jlmatty.com
MS Bar No. 1891

PROMISSORY NOTE

$75,000.00

Ridgeland, MS
September 15, 2006

For value received, the undersigned Maker promises to pay to the order of Kay Atwood Van Skiver, at 212 Duck Cave, Madison, MS 39110 or at such other designated place stipulated by the Holder hereof, the principal sum of seventy-five thousand and no /100 Dollars ($75,000.00), together with the amount of ten thousand and no/ 100 Dollars ($10,000.00) if re-paid within six months from date made. If payment is after six months, interest at the rate of eight percent per annum, if not in default with notice having been provided by the Holder, will be charged in addition to the principal sum and ten thousand Dollar ($10,000.00) premium paid for making the loan. In no event will the maturity of this loan exceed one year (365 calendar days) from date of execution.

The Makers of this note, individually and collectively, agree that upon the sale of the following properties in which they have an ownership interest, the note and any premium above referenced and interest due will be paid in full at the date of closing. The specified properties are:
1) Duck and Rice Farms, LLC located in Belzoni. MS, Harris Claiborne Fraizer, Managing Member.
2) Ergon/Fraizer Development I, LLC at Colony Crossing, Madison, MS.
3) Madison Fishhouse, LLC at Colony Crossing, Madison, MS.

If default occurs in the payment of this Note at maturity, or this note is collected through probate, bankruptcy or other proceedings, Maker promises to pay all costs and expenses of collection and enforcement. If this Note is placed in the hands of an attorney for enforcement or collection, Maker promises to pay, in addition to all other costs and expenses of collection and enforcement, a reasonable attorney's fee of twenty percent (20%) of all principal and interest due.

This note shall be governed by and construed according to the laws of the State of Mississippi applicable to contracts intended to be wholly performed within Mississippi.

DEBTORS

_Harris Claiborne Fraizer_ (signature)
Harris Claiborne Fraizer
Social Security number_____

_Austin W. Fraizer_ (signature)
Austin W. Fraizer
Social Security number_____

_C. E. Fraizer_ (signature)
C. E. Fraizer, Jr.
Social Security number_____

EXHIBIT
A